# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| **OYENS FEED & SUPPLY, INC.**, <br>     Appellant and Cross-Appellee, <br> vs. <br> **PRIMEBANK**, <br>     Appellee and Cross-Appellant, <br> and <br> **CROOKED CREEK CORP.**, <br>     Plaintiff, <br> vs. <br> **PRIMEBANK AND OYENS FEED & SUPPLY, INC.**, <br>     Defendants. | No. 14-CV-4114-DEO <br><br> **ORDER ON REPORT AND RECOMMENDATION** |

Currently pending before the Court is Oyens Feed & Supply, Inc.'s Bankruptcy Appeal (Docket No. 1), and Primebank's Cross Appeal (Docket Nos. 2 and 9). On February 19, 2015, this Court referred those matters to United States Magistrate Judge Leonard T. Strand (Docket No. 17). On May 5, 2015, Magistrate Strand filed a Report and Recommendation (R&R, Docket No. 24). Neither party has filed an Objection to that R&R.

## I. BACKGROUND

Judge Strand set out the relevant background and facts in his Report and Recommendation, and they need not be repeated here. In short, this case has an extremely long procedural history. Crooked Creek Corporation [hereinafter CCC], a farm operation dealing with hogs, filed for Chapter 12 bankruptcy in 2009. Oyens is a supplier who sold feed to CCC, and Primebank is a bank that lent money to CCC. CCC owed both Oyens and Primebank money, and both entities had an interest in the hogs owned by CCC. Oyens and Primebank disputed which party had the superior interest in the hogs. The Bankruptcy Court initially ruled in Primebank's favor, and Oyens' appealed to this Court. This Court certified the question to the Iowa Supreme Court. The Iowa Supreme Court issued an answer in Oyens' favor. The Iowa Supreme Court stated Primebank's lien was superior insofar as it covered the purchase price of the hogs, but Oyens' had the superior interest in the amount of the value the hogs increased after they were acquired by CCC. Since the Iowa Supreme Court answered the relevant question, this Court remanded the case back to the Bankruptcy Court for trial.

Going into the trial, $358,841.10 remained in escrow to pay the claims against CCC. After listening to the evidence, the Bankruptcy Court concluded that Oyens has a super-priority claim for $156,367.43, and an unsecured claim for $186,004.35, while Primebank's secured claim is limited to $315,270.19. Following the Bankruptcy Court's findings, the parties again appealed the case to this Court.

On appeal, Oyens raised one main question:

> Whether the Bankruptcy Court erred in determining that, under Iowa Code Chapter 570A [specifically Iowa Code § 570A.4(2)5], Oyens Feed was required to file a financing statement every 31 days in order to maintain perfection of its Agricultural Supply Dealer's Lien as to feed supplied within the preceding 31 day period.

Doc. No. 11 at 4. Meanwhile, Primebank argues that the Bankruptcy Court erred by finding that because the hogs were born at CCC's facility, CCC had an acquisition price of zero.

## II. STANDARD

Pursuant to statue, this Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or

3

> modify, in whole or in part, the findings
> or recommendations made by the magistrate
> [judge].

28 U.S.C. § 636(b)(1).

Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner petitions, where objections are made as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommendation decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

Additionally, failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. United States v. Wise, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

## III. ANALYSIS

The Court has reviewed the Report and Recommendation, along with the entire file. As discussed above, neither party objected to Magistrate Strand's Report and Recommendation. The Court is persuaded that the Magistrate's analysis is correct, and his R&R should be adopted in its entirety.

Specifically, Judge Strand determined that since both issues raised in this appeal deal with question of statutory interpretation of Iowa law, and since Iowa state courts have not addressed these issues, the questions presented should be certified to the Iowa Supreme Court. In coming to that conclusion, Judge Strand considered the seven factor test used to determine if certification is appropriate. See Lieberkneckt v. Bridgestone/Firestone, Inc., 980 F. Supp. 300, 310-11 (N.D. Iowa 1997). Judge Strand found that six of the seven factors weigh in favor of certification, while the seventh factor, which asks if there is split of authority on the issue presented, is not applicable to the present case. See Docket No. 24, p. 8-10. This Court is persuaded that Judge Strand's analysis is correct. **Accordingly, pursuant to Local Rule 83 and Iowa Code § 684A.1, the following two questions are certified to the Iowa Supreme Court:**

> 1) Pursuant to Iowa Code Section 570A.4(2), is an agricultural supply dealer required to file a new financing statement every thirty-one (31) days in order to maintain perfection of its agricultural supply dealer's lien as to feed supplied within the preceding thirty-one (31) day period?;
>
> and,
>
> 2) Pursuant to Iowa Code Section 570A.5(3), is the "acquisition price" zero when the livestock are born in the farmer's facility?

See Docket No. 24, 10-11.[1]

IV. CONCLUSION

For the reasons set out above, the Court accepts Judge Strand's Report and Recommendation (Docket No. 24). The Court hereby certifies the two questions, set out above, to the Iowa Supreme Court.

**IT IS SO ORDERED** this 7th day of May, 2015.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

---

[1] These two questions were articulated as a result of Judge Strand's discussion with the parties, and the parties agree that these are the two questions that should be resolved by the Iowa Supreme Court.